**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICKY SIMMONS,**

        **Plaintiff,**

**v.**                                                          **CASE NO.:**

**APPLEBROOK HOMES, LLC,**

        **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

        Plaintiff, RICKY SIMMONS ("Plaintiff"), by and through undersigned counsel,

hereby sues Defendant, APPLEBROOK HOMES, LLC ("Defendant"), and in support of his

claims states as follows:

**JURISDICTION AND VENUE**

        1.        This is an action for damages under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 et seq., for failure to pay a minimum wage, failure to pay overtime, and

retaliation.

        2.        This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29

U.S.C. § 201 et seq.

        3.        Venue is proper in the Middle District of Florida, because all of the events

giving rise to these claims occurred in Polk County, Florida.

**PARTIES**

        4.        Defendant operates RV and Mobile Home Parks in Frostproof, Polk County,

Florida.

5.      Defendant is a foreign corporation.

6.      Plaintiff worked for Defendant as a Maintenance Supervisor at Applebrook Homes.

## GENERAL ALLEGATIONS

7.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9.      At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10.     Defendant continues to be an "employer" within the meaning of the FLSA.

11.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

12.     At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

13.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14.     Plaintiff has satisfied all conditions precedent, or they have been waived.

15.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16.     Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

17.     Plaintiff worked for Defendant from November 4, 2019 to March 4, 2020 as a Maintenance Supervisor.

18.     At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid a minimum wage for all of the hours that he worked.

19.     By not paying Plaintiff for all the hours he worked Defendant failed to pay Plaintiff a minimum wage.

20.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

21.     Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

22.     On or about March 1, 2020, Plaintiff requested to be compensated in accordance with the FLSA.

23.     On or about March 4, 2020, Defendant terminated Plaintiff's employment.

24.     Defendant retaliated against Plaintiff for requesting to be paid in accordance with the FLSA by terminating Plaintiff's employment.

25.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

26.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27.     During the statutory period, Plaintiff worked for Defendant, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a)   Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b)   Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)   An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)   A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)   All costs and attorney's fees incurred in prosecuting these claims; and

    g)   For such further relief as this Court deems just and equitable.

<u>**COUNT II – FLSA OVERTIME VIOLATION**</u>

30.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

32.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

33.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

    d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)     A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)     All costs and attorney's fees incurred in prosecuting these claims; and

    g)     For such further relief as this Court deems just and equitable.

## COUNT III – FLSA RETALIATION

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

35.     By requesting to be paid in accordance with the FLSA, Plaintiff engaged in protected activity under the FLSA.

36.     By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

38.     Plaintiff was injured by Defendant's violations of the FLSA.

***WHEREFORE***, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and

(f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of December, 2020.

Respectfully submitted,

______________________________

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**